## BALL *vs.* GARDNER & M'PHEE.

A *bond* given by a party on suing out *an attachment* from a justice's court, that he will pay *all damages and costs if he fail to recover*, extends to the final determination of the cause; a recovery before the justice will not save a suit upon the bond if such recovery be subsequently *reversed* on error brought.

BOND on suing out an attachment.    The plaintiff declared on a bond executed by the defendants, which after reciting that *Gardner* had applied to a justice of the peace for an *attachment* against Ball, was *conditioned* that Gardner would pay to Ball all damages and costs which he might sustain by reason of the issuing of such attachment *if Gardner should fail to recover judgment thereon ;* and in the event of such judgment being recovered, that he should pay to Ball *all moneys* which should be received by Gardner from any property levied upon by such attachment, *over and above the amount of such judgment* and interest and costs thereon. After setting forth the bond and condition, the plaintiff *averred* the issuing of the attachment and the levy of the same upon the goods and chattels of the plaintiff, and that the plaintiff in the attachment *failed to recover judgment thereon,* whereby an action had accrued, &c.    The *second count* set forth the same matters as alleged in the first count with the additional matter, that by virtue of the attachment the goods and chattels and wearing apparel of the plaintiff were taken and detained from him, and he put to great expense and trouble in defending himself against the attachment and in recovering his property ; by means whereof he sustained damage to the amount of $100, whereby an action had accrued, &c.    The *third count,* after setting forth the bond and condition, the suing out of the attachment, and the seizure of the plaintiff's property, averred that the justice, without issue being joined in the cause, *rendered a judgment against Ball* in favor of Gardner, for $33 22 damages, and $2 89 costs ; that Ball conceiving himself aggrieved, removed the proceedings by *certiorari* into the common pleas of Oneida, where the judgment of the justice was *re-*

Ball v. Gardner.

*versed.* By means whereof the plaintiff alleged that he had sustained damages in the loss of the use of his goods and chattels, and in defending the suit before the justice, and in prosecuting the writ of *certiorari,* to a large amount, to wit, &c., whereby an action hath accrued, &c.

To the *first count,* the defendants pleaded, after praying oyer of the bond and condition, and setting them out, that the plaintiff suing out the attachment, recovered judgment against the now plaintiff for $36 11 damages and costs, *traversing* the allegation that he failed to recover judgment. A similar plea was put in to the *second count,* and to the *third count* the defendants *demurred.* To the two first pleas the plaintiff *replied* the suing out of the *certiorari,* the *reversal* of the justice's judgment, and the judgment of the common pleas that he be restored to all things lost by the justice's judgment, and that he recover *twenty-five dollars,* his costs and charges in prosecuting the writ of *certiorari.* The defendants interposed a *demurrer* to these replications.

*C. Tracy,* for the defendants.

*C. B. Gay,* for the plaintiff.

*By the Court,* Nelson, Ch. J. The main question raised upon the pleading is, whether the condition of the bond taken on the suing out of the attachment, extends to and is controlled by the final result in the common pleas; in other words, whether the condition is kept by the recovery of judgment before the justice.

The statute provides for the giving of the bond, and prescribes that it shall be " conditioned to pay such defendant all damages and costs which he may sustain by reason of the issuing such attachment, if such plaintiff fail to recover judgment thereon." 2 R. S. 230, § 29. See also Statutes, Sess. of 1831, p. 404, § 135. The bond is in conformity to the statute. The question has already been decided in respect to the bond given by a *non-resident* plaintiff for the purpose of obtaining a warrant under this act. 7 Wendell, 434. The statute there is, that he must give " *security for*

Ball v. Gardner.

*the payment of any sum which may be adjudged against him.*" The court saw nothing in the language restricting the security to the costs before the justice, but held that the suit on the *appeal* was the same as the one before the court below, and the result fairly within the scope of the condition. These reasons apply with greater force in the case before us. The plaintiff in the attachment binds himself to pay all *damages and costs* that the defendant may sustain *by reason of the issuing of it,* if he fail to recover judgment thereon. Now it is clear that he has failed. The reversal in the common pleas on the certiorari has at least vacated the judgment before the justice; and if it proceeded upon the merits has finally disposed of the subject matter of litigation. *Close* v. *Stuart,* 4 Wendell, 95; and 9 id. 674, 678. Even if it turned upon technical ground, the suit before the justice is at an end, and a new one must be instituted, unless a new venire is directed to be issued, which, I believe, has never been done in a justice's court. I need not pursue this question, as I am certain it has already been considered and decided in this court, though the case has not been reported.

It is said the replications to the first and second pleas on the record before us, depart from the declaration. I think not. The counts charge that Gardner failed to recover judgment before the justice; the pleas set up a judgment recovered there; the replications show a reversal in the common pleas, which fortifies and maintains the allegation in the counts. This must be so, if we are right in the conclusion that the bond is not restricted to the judgment as recovered by the party before the justice, but extends to the final result of the cause. The objection to the *special damages* alleged in the second count, if well taken, is unavailing here, for the matter, if inapplicable to a case of this kind, can be reached only by a *special demurrer,* and cannot be taken advantage of by a demurrer to the replication.

Judgment for plaintiff.