### ROOSEVELT v. ROOSEVELT et al.

*(Supreme Court, General Term, First Department. March 29, 1889.)*

WILLS—ACTIONS TO CONSTRUE—COMPLAINT.

　　A complaint alleging that plaintiff is heir at law and next of kin of testator, who by will, of which plaintiff was not a beneficiary. disposed of all his estate; that two of the legatees died before testator; and that defendants, executors of and trustees under the will, hold the legacies intended for said deceased persons for the benefit of the other beneficiaries; and praying that plaintiff's interest in testator's personal estate be ascertained, and the executors required to pay it to plaintiff, and that the will be construed, and the interests of the respective parties determined,—does not state a cause of action, there being no averment that testator died intestate as to any of his estate, or that plaintiff has any interest therein, or that there is any disputed question arising on the will calling on the court for construction.

Appeal from special term, New York county.

Action by Robert B. Roosevelt againt James A. Roosevelt, Alfred Roosevelt, and William Emlen Roosevelt, executors and trustees under the will of Cornelius V. S. Roosevelt, deceased, and others, to obtain a construction of said will. Judgment dismissing the complaint, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*G. W. Van Siclen* and *Albert H. Gleason,* for appellant. *Jones & Roosevelt,* for respondents.

VAN BRUNT, P. J. The complaint in this action alleges the death of one Cornelius V. S. Roosevelt, leaving him surviving his widow and certain next of kin, of which the plaintiff, his brother, was one. The complaint further alleges that said Roosevelt left him surviving no child or children, nor descendants of any deceased child or children, or father or mother, and no brothers or sisters, or descendants thereof, except as stated; that the deceased was a resident of the state of New Jersey at or prior to his death, but that he left personal property in the county of New York, and a last will and testament, setting out said will, by which it would appear that the deceased had disposed of all his property. The plaintiff is not mentioned as a beneficiary under said will. The complaint then alleges the probate of the will in New York county, and that the executrix named therein renounced her

right to letters testamentary, and the issuance of letters testamentary to the defendant trustees. The complaint then alleges that said deceased left personal property which is in the custody and possession of said executors, amounting to over $250,000, but that the actual amount or value thereof is unknown to the plaintiff; and that the deceased died siesed of certain real property, (naming it,) which property is also in the possession of said executors and trustees; that two of the beneficiaries named in the will had died prior to said Roosevelt, deceased; and then alleges that the plaintiff and defendants in this action are next of kin and heirs at law of said deceased, the beneficiaries named in said will, and the executors and trustees of and under said will. The complaint then alleges that said executors and trustees claim to and do hold and retain the moneys and property attempted to be bequeathed and given to the said two deceased beneficiaries for the other persons named as beneficiaries in said will. The plaintiff then prays judgment that "the share and interest of the plaintiff in the personal property of the said Cornelius V. S. Roosevelt, deceased, may be ascertained and adjudged; and that the said executors and trustees of the said will may be adjudged to pay and deliver same to him at the period of distribution provided in the said will; and that the said will of Cornelius V. S. Roosevelt may be construed and determined by this court; and that the validity or invalidity of the several provisions thereof may be ascertained and adjudged herein; and that the shares, rights, and interests of the respective parties to this action in and to the property of the said Cornelius V. S. Roosevelt may be ascertained and determined by this court.

There are no facts alleged in this complaint authorizing the court to take any action whatever. It does not allege that any of the provisions of the will are invalid; or that the testator died intestate as to any of his estate; or that there is any controversy or difference between the parties, or any of them, in respect to the construction of the will, or any of its provisions; or that the plaintiff is deprived of his rights by any acts of the defendants, or either of them; or that any question is made or that there is any doubt as to the construction of the will, or that the plaintiff is or will be entitled to any part of the estate of the deceased; or that he has made any claim thereto; or that any claim of his is disputed by the defendants, or either of them. It seems, however, to be claimed upon the part of the plaintiff that, without showing upon the face of his pleading that he has the slightest interest in the construction of the will, or that he would under any circumstances be entitled to any property of which the deceased testator died siesed or possessed, he has a right to invoke the jurisdiction of this court for the purpose of construing a will in regard to which no question is made, or to determine some point or question which it does not appear has ever been in any manner raised. Our attention is called to the case of *Wager* v. *Wager*, 89 N. Y. 161, as an authority for the maintenance of this bill. A mere citation from this case, however, shows very distinctly the basis upon which the equitable jurisdiction of this court may be invoked in reference to the construction of a will. It is said: "The jurisdiction of equity over trusts gives it authority to construe wills whenever necessary to control or guide the action of a trustee." There is no allegation in this pleading that it is at all necessary that the action of the trustees should be guided by any interposition of the court. The court further say: "An executor is always a trustee of the personal property of the testator, and can be called upon to account therefor as such in a court of equity, even though no express trust be created by the will. * * * Any person claiming an interest in the personal estate of the testator, either as legatee under the will, or as entitled to it under the statute of distributions, may file a bill against the executors to settle the construction and ascertain the validity of the provisions of the will, so far as the complainant's interest is concerned, and to enable him to obtain from the executors such portions of the

estate as he is either legally or equitably entitled to." The court here characterized what must be the condition of the plaintiff before he can call upon the court to act, namely, he must be a person claiming an interest in the estate either as legatee under the will or as entitled to it under the statute of distributions. There is no such claim or allegation contained in the complaint now under consideration. There is not a *scintilla* of evidence to show upon what theory the plaintiff claims, or that he has a particle of interest, under any of the circumstances alleged, in any portion of the estate embraced within the terms of the will. It is true that the death of two of the beneficiaries named in the will is alleged, but it nowhere appears in this complaint that the plaintiff because of this fact has become entitled to or may become entitled to this estate. It may be that he may have some claim, but it certainly does not appear upon the face of his pleading. We think this is fatal to the maintenance of the action, as otherwise the court would be called upon to determine abstract questions in which the plaintiff who brought the action does not appear to have a particle of interest. The judgment must be affirmed, with costs. All concur.