The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

JAMES E. KELLY, Appellant, *v.* LUCINDA BAKER, Respondent.

*Contract — sufficiency of a complaint for its enforcement — attachment of savings bank accounts.*

In an action to enforce an agreement by which the defendant agreed to pay a certain sum to the plaintiff on condition that the plaintiff should first furnish a certain release, a complaint which alleges that, after the time for the payment of the money had arrived, the plaintiff tendered the release and demanded payment, but that this was refused, and that the plaintiff now is and always has been ready to deliver the release upon receiving the payment, states a cause of action.

The levy of an attachment upon savings bank accounts standing in the name of the attachment debtor will not be disturbed upon the ground that the moneys represented by the accounts belonged to an estate where it appears that the attachment debtor was not only executrix of the estate but also residuary legatee — certainly until the sheriff has had an opportunity to be heard in the matter.

APPEAL by the plaintiff, James E. Kelly, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of January, 1898, vacating a warrant of attachment.

*James E. Kelly*, appellant, in person.

*T. M. Tyng*, for the respondent.

RUMSEY, J. :

The action was brought to recover a sum of money upon a contract, by which the defendant agreed to pay to the plaintiff $2,500 at a certain time, upon condition that the plaintiff should first furnish to the defendant a general release, specified in the contract. The defendant was a non-resident, and, upon that ground, the plaintiff procured an attachment. The defendant moved to vacate the attachment for the reason that the complaint did not allege facts sufficient to constitute a cause of action. The defect insisted upon was that the plaintiff had not shown that he had performed that portion of his contract which required him to furnish the general release, and that, for that reason, he was not entitled to the money claimed. The allegation upon that point is that, after the time for the payment of the money had arrived, the plaintiff tendered such release to the defendant, and demanded from her the said sum provided in the instrument to be paid, but that the defendant refused to pay, and has not paid, the sum or any part thereof, and that the plaintiff now is and always has been ready and willing to deliver said release to the defendant upon receiving the said payment.

We think that the allegation was sufficient to show that the plaintiff had done all he was required to do to entitle him to the payment of the money. The agreement to furnish the release, and the corresponding agreement on the part of the defendant to pay the money, were substantially mutual conditions, and to be performed at the same time. In such a case, if the person who claims to be entitled to the money alleges a tender of performance on his part, and a demand of performance by the defendant which is refused, he sets up a good cause of action. (*Pordage* v. *Cole*, 1 Saund. [Williams' Notes] 320e ; *Laird* v. *Pim*, 7 M. & W. 474.) The conclusion of the learned judge below, that a cause of action was not set up, was erroneous.

It is claimed also by the defendant that the levy was improper, and should be vacated. It appears that the sheriff levied upon two bank accounts standing in the defendant's name in certain savings banks in this city, which the defendant claims do not belong to her personally, but as executrix of the will of Eliza Schneider, deceased. From the facts set out in the opposing affidavits, however, it appears that the defendant is not only the executrix of Eliza Schneider, but is her residuary legatee, and that she has a beneficial interest in the estate of Eliza Schneider, after the payment of all debts and expenses of administration, much larger than the amount of the plaintiff's claim. But this is not of much importance. The defendant has received that money and undertaken to deal with it as her own. That being so, it is not necessary to examine in this case whether she actually owns the money, or whether she is bound to account to some other person or estate for it. The sheriff was bound to levy upon it, and his levy cannot be interfered with until, at least, he has had an opportunity to be heard in regard to the matter.

The order appealed from must, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment and levy denied, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.