## TYNG v. AMERICAN SURETY CO.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

ATTACHMENT—RECOVERY ON BOND—COUNSEL FEES.
  Proper effort having been made without success to get rid by direct proceedings of an attachment of a nonresident's property, so that he was compelled to try the action to get rid of the attachment, his counsel fees therein may be recovered on the attachment bond conditioned for payment of "all damages which defendant may sustain by reason of the said attachment."

Appeal from trial term.

Action by Thomas M. Tyng against the American Surety Company. From a judgment entered on dismissal of the complaint, plaintiff appeals. Reversed.

Argued before BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

H. W. Leonard, for appellant.
H. C. Willcox, for respondent.

PATTERSON, J. This action was brought to recover upon an undertaking executed by the defendant herein, and given to procure an attachment against the property of one Lucinda Baker in a suit brought against her in the supreme court of the state of New York by one James E. Kelly. The defendant in that suit was a nonresident of the state. The undertaking provided that if the defendant (Baker) "recover judgment in this action, or if the warrant of attachment is vacated, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which the defendant may sustain by reason of the said attachment, not exceeding the sum of $250." The attachment having been granted, the sheriff made a levy upon the property of the defendant therein. A motion was made on her behalf to vacate the attachment, which was granted at the special term, but on appeal to the appellate division the order was reversed, and the attachment reinstated. Thereafter the cause was tried, and a verdict was rendered in favor of the defendant. Judgment thereupon was entered against Kelly for the costs of the action, amounting to $132.37, and those costs were duly paid by him. Subsequently Lucinda Baker assigned all her rights under the undertaking to this plaintiff, who brought this action to recover the sum of $250, the amount for which the undertaking was given, and in his complaint alleged, among other things, as follows, viz.: "That the said Lucinda Baker sustained damage by reason of said attachment in more than said sum of $250, in that she was compelled to employ counsel in said attachment suit, whose services therein were reasonably worth the sum of $500." Upon the trial the plaintiff proved, in substance, the facts as above stated, and gave some evidence tending to show the value of the services of counsel in the cause. At the close of the plaintiff's proof the defendant moved to dismiss the complaint on the ground that the plaintiff "had not made out a cause of action"; that, under all the allegations of the complaint, it was sought to recover counsel fees

in the action, and the plaintiff was not entitled to recover such counsel fees, the condition of the undertaking being only to pay such damages as would be occasioned by the issuance of the attachment, and that the expenses incurred in the trial of the cause were independent of, and did not constitute damage resulting from, the attachment or the levy under it. The learned trial judge appears to have taken that view of the complaint and of the evidence, and dismissed the complaint, and from the judgment entered thereon this appeal is taken.

The condition of the undertaking is twofold: First. That, if the defendant recovered judgment, the surety would pay all costs which might be awarded to the defendant. That condition has been satisfied. Second. All damages sustained by reason of the attachment were also to be paid in the event of the defendant recovering judgment. The sole question before us relates to the expenses of the trial of the action being recoverable, and that depends altogether upon the absolute necessity of trying the action to get rid of the attachment. The defendant had made efforts to have her property relieved from it by the ordinary procedure of a motion. It was ultimately held on that motion that as process the attachment was valid. It thereupon did become absolutely necessary for her to try the issues in order to relieve her property from the attachment. It was that process which compelled her appearance in the action. She was a nonresident, and, without the attachment, she would not have been brought within the jurisdiction of the court. To protect her property, she was obliged to appear, and subsequently go to trial, upon the claim, which has been adjudged to be one upon which she was not liable. It is not to be controverted that sureties on an undertaking given on procuring an attachment are not, ordinarily, liable for general counsel fees incurred in the action. Bank v. Wylie, 52 Hun, 147, 4 N. Y. Supp. 907. In that case it was held that sureties were not liable upon an undertaking in the same form as that in the present action, because there counsel fees were in no degree incurred in proceedings taken for the purpose of vacating or setting aside the attachment. The Northampton National Bank was an institution organized under the national banking law of the United States. It had been sued by a creditor in New York, who gave an undertaking on procuring an attachment against its property. No motion was made, or any proceeding taken to vacate or set it aside, although (as was subsequently determined) the property of a national bank was not liable to the process of attachment in a state court. Hence it was clear, as is said in the opinion in that case, that the bank's "resistance was wholly directed to defeat the action itself by establishing the result that the plaintiff in the suit had no legal claim against the bank. * * * The services of counsel rendered and bestowed in the litigation were for this end entirely. They were to support and maintain the position taken by the answer that the plaintiff, under the law, was exonerated from liability. * * * It is true that this resulted in vacating the attachment, but not from any effort or attempt to set it aside, but because the action itself failed by establishing the truth of the

answer, and exonerating the bank from legal liability." In the case at bar the circumstances are entirely different. Every effort had been made to vacate the attachment, but it was maintained. The property of the defendant in the action was still in the custody of the law, detained from its owner; and there was no other way in which it could be released, and returned to the owner, than by the procurement of a judgment which would have the effect of discharging the attachment. As said before, had not that process been issued, and the defendant's property taken, there would have been no necessity for her appearing or responding to the demand against her. It can in no sense be said that the expenses incurred on the trial were so incurred merely to meet and dispose of a claim upon the merits. The case had to be tried to rescue the defendant's property from the levy made under the attachment. We think, therefore, under the allegation of the complaint in this action and the proof made, it was error to dismiss this complaint.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

BARRETT, J. (concurring). I concur with Justice PATTERSON that the expenses of the trial of the action of Kelly against Baker were damages sustained by Baker by reason of the attachment. Having made every proper effort to get rid of the attachment by direct proceedings, there was nothing left for Baker save to get rid of it by defeating the plaintiff upon the merits of the action. But I do not think that this is the sole question. The plaintiff, before he was nonsuited below, asked leave to show how much of the sum proved (as the value of the total services in the attachment action) related to the trial thereof, and how much to the direct proceedings therein to vacate the warrant. This was denied, the defendant claiming surprise, and the learned trial justice deeming it an effort to amend the complaint in a material particular. This was treating the plaintiff's request too seriously. He only asked to divide the services, and to apportion their proved value. This was a small matter, and the defendant's objection thereto was quite trivial. The proof should have been permitted, and the complaint conformed to it. It was not, in any sense, a material change in the cause of action, or in the substantial averments of the complaint. Even if we are in error, therefore, as to the plaintiff's right to recover for the total services in the attachment action, he should at least have been permitted to prove, and recover for, so much of these services as related specially to the attachment. There should, consequently, be a new trial.

McLAUGHLIN, J., concurs.