(69 App. Div. 137.)

### TYNG v. AMERICAN SURETY CO.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. ATTACHMENT—VACATION—ATTACHMENT BOND—LIABILITY OF SURETIES.
   Upon judgment for the attachment defendant in the main action, sureties on an attachment bond are liable for the costs of an unsuccessful motion to vacate the attachment, where such motion was not denied on the merits.

2. SAME—TRIAL OF ACTION.
   Where the trial of the action is rendered necessary to vacate an attachment, the expenses of the trial are recoverable of the sureties on the undertaking.

Appeal from trial term, New York county.

Action by Thomas M. Tyng against the American Surety Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James E. Kelly, for appellant.
Henry W. Leonard, for respondent.

LAUGHLIN, J. The action is on an undertaking given on procuring a warrant of attachment. The action in which the attachment was issued was brought by James E. Kelly against Lucinda Baker, a nonresident, who, however, was served personally within the state. The complaint in that action alleged a cause of action on an agreement in writing, by which the defendant promised to pay to the plaintiff or to his order the sum of $2,500 the day after the will of Eliza Schneider, deceased, was admitted to probate, and upon the plaintiff furnishing to the defendant a general release from J. Henry Schneider. It was alleged that the will was admitted to probate, that the release was tendered, and payment demanded and refused. The answer admitted the probate of the will, but put in issue the other allegations, and alleged, in effect, that the execution of the agreement upon which the action was based was procured by fraud and duress. The attachment was obtained, after issue joined, upon the ground of the nonresidence of the defendant, and a levy was made thereunder upon funds in two banks to her credit. The defendant made a motion to vacate the attachment upon affidavits setting up her defense, showing that the funds levied upon were trust funds that came into her hands as the executrix of the will of said Eliza Schneider, deceased. The motion was granted, but upon appeal the order was reversed. Kelly v. Baker, 26 App. Div. 217, 49 N. Y. Supp. 973.

Subsequently, upon the trial of the issues, the complaint was dismissed, with costs, which the plaintiff paid. The defendant Baker thereafter assigned his claim for "all damages" sustained "by reason of the attachment" to the plaintiff herein, who subsequently brought this action.

Upon the trial the plaintiff proved separately the reasonable costs and expenses of defending the action and of the proceedings to vacate the attachment. The court submitted these questions to the jury, and by consent reserved the right to direct a verdict, after the discharge of the jury, in accordance with what might be deemed the law of the case. The costs and expenses of defending the action were assessed by the jury at $250, and of the proceedings to vacate the attachment at $150. It was conceded that the maximum liability on the attachment undertaking for the costs of the action and the damages sustained by reason of the attachment, with interest, was the sum of $290, and that the taxable costs already paid, with interest, aggregating $152, should be deducted, leaving the remaining maximum liability $138. The court, pursuant to the stipulation, subsequently directed the entry of a verdict for plaintiff for that amount.

No point is made by appellant with reference to the amount of the verdict or the computation by which the balance was ascertained. It seems to be assumed that the verdict was authorized if appellant was liable for either counsel fees on the proceedings to vacate the attachment or on trial of the action, but it is contended that neither was recoverable.

It is argued that inasmuch as the motion to vacate the attachment, though at first successful, ultimately failed, the expenses thus incurred were not necessary damages sustained by the attachment, for which the surety is liable. In other words, it is claimed that the right to collect those expenses depended upon the success of the motion. Such a ruling would, in effect, require a defendant to be his own lawyer. He would, at his peril, incur expense in consulting counsel, or attempting, on the advice of counsel, to free his property from a lien which might be continued until the trial, owing to compliance by plaintiff with the forms of law, but which never should have been asserted or acquired because plaintiff in fact had no cause of action. No controlling precedent has been cited or found which establishes such an unjust rule. It has been decided that counsel fees incurred in an unsuccessful effort in opposition to a motion for an injunction are not embraced within an undertaking subsequently given on the granting of the motion. Youngs v. McDonald, 56 App. Div. 14, 67 N. Y. Supp. 375, affirmed in 166 N. Y. 639, 60 N. E. 1123; Randall v. Carpenter, 88 N. Y. 294; Whiteside v. Association, 84 Hun, 555, 32 N. Y. Supp. 724.

Where the trial of the action is rendered necessary to dissolve an injunction or vacate an attachment, the expenses of the trial are recoverable of the sureties on the undertaking. Youngs v. McDonald, supra; Newton v. Russell, 87 N. Y. 531; Whiteside v. Association, supra; Northrop v. Garrett, 17 Hun, 497. The law was so declared by this court on a former appeal herein from a judgment dismissing the complaint, but the record then showed erroneously that the de-

fendant appeared on account of the attachment, and that consequently the defense became necessary solely by reason of the attachment. Tyng v. Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843.

If the defendant in the attachment action had not made all reasonable efforts by application to the court to vacate the attachment, he would not have been permitted to recover the expenses of the trial, which, so far as the attachment was concerned, might not have become necessary had he exhausted his remedy by motion. Phœnix Bridge Co. v. Keystone Bridge Co., 10 App. Div. 176, 41 N. Y. Supp. 891, affirmed in 153 N. Y. 644, 47 N. E. 1110; Bank v. Wylie, 52 Hun, 146, 4 N. Y. Supp. 907, affirmed in 123 N. Y. 663, 26 N. E. 750; Hovey v. Pencil Co., 50 N. Y. 335.

Counsel fees incurred on an unsuccessful motion to vacate an injunction have been allowed against sureties where the motion was denied in the discretion of the court, and not for an irregularity or on the merits. Andrews v. Woolen Co., 50 N. Y. 287; Disbrow v. Garcia, 52 N. Y. 654; Rose v. Post, 56 N. Y. 603.

It does not appear that the motion to vacate the attachment in question was denied upon the merits. The moneys having been deposited to the individual credit of the defendant in the attachment action, this court held that in effect showed prima facie individual ownership and a leviable interest. It appeared that she was sole beneficiary, and that her interest in the estate exceeded the plaintiff's claim. The title to the fund was not determined. It being the duty of the sheriff to levy, his levy could not be disturbed until he was afforded an opportunity of being heard.

These views require an affirmance. It is therefore unnecessary to consider whether the rule laid down in Newton v. Russell, supra, that, to authorize a recovery against the sureties of counsel fees on the trial, it is essential to show that the trial was rendered necessary "solely or principally" by reason of the continuance of the injunction, has been modified by the case of Youngs v. McDonald, supra, or whether the evidence sufficiently shows that the services of counsel rendered upon the trial are damages caused by the attachment.

The judgment and order should be affirmed, with costs. All concur.