THOMAS M. TYNG, Respondent, v. AMERICAN SURETY COMPANY, Appellant.

ATTACHMENT — LIABILITY OF SURETY UPON UNDERTAKING FOR COUNSEL FEES IN PROCEEDINGS TO VACATE. Where a motion to vacate an attachment has been made, which, although at first successful, eventually fails on appeal, and thereafter the trial of the action results in the dismissal of the complaint, a surety upon an undertaking providing that "if the defendant recover judgment in the action, or if the warrant of attachment is vacated, the plaintiff will pay all costs which may be awarded to the defendant and all damages which the defendant may sustain by reason of said attachment," is liable for the costs and expenses of the proceedings to vacate the attachment, including reasonable counsel fees.

*Tyng* v. *American Surety Co.*, 69 App. Div. 137, affirmed.

(Submitted March 2, 1903; decided March 17, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1902, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James E. Kelly* and *Henry C. Willcox* for appellant. Counsel fees in an unsuccessful attempt to vacate an attachment in an action where the grounds for the attachment are extrinsic

the cause of action, should not have been allowed. (*State* v. *Heckart*, 62 Mo. App. 427; *Randall* v. *Carpenter*, 88 N. Y. 293; *Lyon* v. *Hersey*, 32 Hun, 253; *Sweet* v. *Mowry*, 71 Hun, 381; *Whitside* v. *N. C. Assn.*, 84 Hun, 555.)

*Henry W. Leonard* for respondent.

GRAY, J. The action is on an undertaking of the defendant for $250; which was given upon the granting of a warrant of attachment at the suit of one Kelly, plaintiff, in an action against the plaintiff's assignor. That action was based upon a contract and issue was joined upon the merits. The attachment was, then, applied for by Kelly, on the ground of the non-residence of the defendant and, being granted, a levy was made upon certain funds in banks. The defendant moved to vacate the attachment, upon her affidavit that the moneys attached were not her moneys, but were held by her as an executrix. The motion was granted, in the first instance; but, upon appeal, the order granting it was reversed and the motion was denied. The trial of the issues resulted in the dismissal of the complaint, with costs of the action; which plaintiff subsequently paid. Thereafter, the defendant in that action assigned to this plaintiff her claim for all damages sustained by reason of the attachment and this action was brought. Upon the trial, the plaintiff gave proof as to the expenses of obtaining the judgment in her favor and as to those incurred in moving to vacate the attachment and in reasonably resisting the appeal from the order which vacated it; which expenses consisted in counsel fees. The questions as to these expenses were submitted, in separate form, to the jury, by agreement of counsel, to that effect and that, upon the finding of the jury, the court should direct the verdict. The jury found the expenses incurred in obtaining the judgment to be $250, and those incurred in the attachment proceedings to be $150. The total liability upon the undertaking was conceded to be $290, and as the taxable costs, which the plaintiff in the unsuccessful action had paid, amounted to $152, the limit of liability, for which judgment might be

recovered, was the sum of $138.  The court directed a general verdict in favor of the plaintiff for that amount.  If the defendant was liable, either for the expenses upon the proceedings to vacate the attachment, or for those in defending upon the trial of the action, the verdict was justified and that presented the question of law, which this appeal brings to this court, upon the affirmance by the Appellate Division of the judgment for the plaintiff.

The condition of the undertaking was that " if the defendant recover judgment in this action, or if the warrant of attachment is vacated, the plaintiff will pay all costs, which may be awarded to the defendant, and all damages, which the defendant may sustain by reason of the said attachment, not exceeding the sum of $250."  Although the motion to vacate the attachment, at first successful, eventually, had failed at the Appellate Division, the defendant in that action was justified in going to the expense of employing counsel to vacate it.  The failure was not conclusive upon the right to recover damages by reason of the attachment.  That right then became suspended, until the event of the trial should determine the issue between the litigants.  When the defendant in the action recovered a judgment dismissing the complaint, then the alternative condition of the undertaking became operative that " if the defendant recover judgment * * * the plaintiff will pay all costs * * * and all damages, * * * by reason of the attachment."  That counsel fees are within the language of such an undertaking does not admit of doubt and the justification of the defendant in the attachment action in employing counsel to vacate the attachment was shown by the result of the trial.  The order, which, eventually, denied the application to vacate the attachment, may have been discretionary and with the intention of deferring the whole matter until the final hearing and determination of the issues.  However that may be, if the defendant in the attachment action was in her right in employing counsel to set aside the attachment, as the result of the trial proved, it, logically, followed that she was damaged by reason

1903.]    People ex rel. Callahan *v.* Bd. Education.    **169**

N. Y. Rep.]                    Statement of case.

of the attachment to the extent of the reasonable counsel fees she was compelled to pay. (*Ball* v. *Gardner*, 21 Wend. 270 ; *Northrup* v. *Garrett*, 17 Hun, 497 ; Cowen's Treatise, § 839.) By analogy of reasoning, cases arising upon undertakings given upon the granting of injunctions are applicable. (*Edwards* v. *Bodine*, 11 Paige, 223 ; *Andrews* v. *Glenville Woolen Co.*, 50 N. Y. 282, 287 ; *Rose* v. *Post*, 56 ib. 603 ; *Corcoran* v. *Judson*, 24 ib. 106, 109.) Under the finding of the jury, the reasonable expense incidental to the attachment proceedings was fixed at the sum of $150 ; which was a sum in excess of the general verdict of $138.

That is sufficient to dispose of this case and it becomes unnecessary to determine whether fees of counsel employed for the trial would be recoverable as part of the damages included in the undertaking, upon the theory that the defendant was obliged to defend the fund which had been attached.

The judgment should be affirmed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Martin, Cullen and Werner, JJ., concur.

Judgment affirmed.