(160 App. Div. 68)

### KATTELL v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

ARREST (§ 56*) — UNDERTAKING — ACTION FOR DAMAGES — DAMAGES RECOVERABLE.

When damages are claimed on an undertaking upon which an order of arrest was made in an action for fraud, the court must determine whether the damages were really sustained by reason of the arrest, or merely in defending the suit, and damages sustained because of the arrest, including what plaintiff was compelled to pay for an undertaking, are recoverable.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 131–140; Dec. Dig. § 56.*]

Appeal from Trial and Special Terms, Broome County.

Action by Charles H. Kattell against the American Surety Company of New York. From a judgment for plaintiff, defendant appeals. Affirmed as modified.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, HOWARD, and WOODWARD, JJ.

Henry C. Wilcox, of New York City, and Deyo & Hitchcock, of Binghamton (C. H. Hitchcock, of Binghamton, of counsel), for appellant.

Hinman, Howard & Kattell, of Binghamton (Thomas B. Kattell, of Binghamton, of counsel), for respondent.

JOHN M. KELLOGG, J.   This action is brought to recover the damages which the plaintiff has sustained by reason of his arrest in a civil action.   The defendant was the surety upon the undertaking upon which the order of arrest was granted.   That action was brought to recover damages for false and fraudulent representations.   The summons was served with the order about November 25, 1907, and the defendant was discharged on bail the same day, although shortly after that date, upon motion, the amount of the undertaking required was reduced.   The action was tried in January, 1912, and resulted in a verdict in his favor.   By the judgment appealed from the plaintiff, among other things, has recovered counsel fees and expenses of the trial.   The only damages claimed were costs and expenses made necessary by the arrest, and the question for determination is whether the costs and expenses of the trial were damages which the plaintiff had sustained by reason of the arrest.

The ordinary undertaking to be given by the plaintiff in obtaining an injunction, an attachment, or an order of arrest requires the payment of "all damages which he (defendant) may sustain by reason" thereof.   No controlling case is cited with reference to an order of arrest, but cases relating to injunctions and attachments are cited and when understood have force here.

In Northampton Nat. Bank v. Wylie, 52 Hun, 146, 4 N. Y. Supp. 907, where the plaintiff's deposit with its New York correspondent had been attached in an action, it was held that the sureties upon the undertaking upon which the attachment was granted were not liable for the costs and expenses of trying the action, as damages under the terms of the undertaking which, with reference to the damages, is similar to the one in question.   There the bank, while a nonresident of the state, was doing business in the state, and it was properly considered that it was defending the action, not to get rid of the attachment, but to avoid the liability sought to be enforced against it.   The case was affirmed in 123 N. Y. 663, 26 N. E. 750.

Tyng v. American Surety Company, 48 App. Div. 240, recognized, at page 242, 62 N. Y. Supp. 843, at page 844, the general rule as follows:

"It is not to be controverted that sureties on an undertaking given on procuring an attachment are not ordinarily liable for general counsel fees incurred in the action"

—but held that under the circumstances of that case it became necessary for the defendant to try the case to be relieved of the attachment. The court says:

"It was that process which compelled her appearance in the action. She was a nonresident, and without the attachment she would not have been

brought within the jurisdiction of the court. To protect her property she was obliged to appear and subsequently go to trial upon the claim which has been adjudged to be one upon which she was not liable."

This case was affirmed in 174 N. Y. 166, 66 N. E. 668, the court saying it was unnecessary, in its view of the case, to determine whether the fee for counsel upon the trial was a part of the damages included in the undertaking, upon the theory that the defendant was obliged to defend the fund which had been attached.

In Andrews v. Glenville Woolen Co., 50 N. Y. 282, where a temporary injunction was granted restraining the collection of certain judgments until the further order of the court, at page 282, it was recognized that a counsel fee at the trial would not ordinarily be allowed, but it was allowed, the court saying:

"But for the injunction the defendant might have collected the money before any trial; and, as the only relief demanded against it by the complaint was to restrain its collection, it is not certain that the case would ever have been brought to trial had the collection been first accomplished."

It is apparent, therefore, that each case must stand by itself, and when damages are claimed on such an undertaking the court must determine whether they in fact were sustained by reason of the arrest. In the case at bar the plaintiff, at the time of the commencement of the action against him, was personally served with the summons, and a judgment in the action would have resulted in a body execution. Possibly if he had been a nonresident without property, he might not have defended the action if he had not been arrested. No such fact appears here. There is no circumstance taking the case out of the ordinary rule. He defended the action, not because he was arrested, but because an unfounded claim was made against him for damages. The arrest was a mere incident to the action, and was obtained only as an assurance that the defendant would be within the reach of a body execution if one issued. It is apparent that most of the expenditure for counsel fee related to the trial of the action in the effort to defeat the plaintiff's claim for damages, and that most of the expenses would have been incurred if no arrest had been made. There are, however, several items of expense which relate to the arrest only, and not to the trial upon the merits. The evidence shows that the value of the services of counsel, relating solely to the arrest and the discharge therefrom, was from $250 to $400; the party performing the services valued them at from $300 to $400. The defendant offered no evidence upon the subject in that respect, and some time of the plaintiff and his counsel was devoted to the matter of the arrest. There being no evidence to the contrary, the $300 may be allowed as damages relating to the arrest, also $30, paid to a New York lawyer with reference to a motion which the evidence shows was made in part on account of the arrest, and also $5 incidental expenses, making $335 damages, to which should be added interest thereon from December 19, 1907. The plaintiff was compelled to pay at different times $325 for an undertaking. These sums should be allowed him, with interest on $175 from December 19, 1907, on $50 from December 19, 1908, on $50 from December 19, 1909, and on $50 from December 19, 1910.

The judgment, therefore, is modified by striking therefrom the damages and inserting the amounts herein provided, and, as so modified, is affirmed without costs.

The ninth and tenth findings of fact are reversed as against the evidence, and in lieu thereof the court finds that the plaintiff suffered damage on account of the arrest, which may be recovered in this action, as follows: $330 counsel fees and $5 incidental expenses, with interest thereon from December 19, 1907; also $325 paid for undertaking with interest on $175 from December 19, 1907, on $50 from December 19, 1908, on $50 from December 19, 1909, and on $50 from December 19, 1910. All concur, except LYON, J., not sitting.