### M. J. BRANDENSTEIN & CO. v. CASTANO.

(District Court, S. D. New York. March 6, 1922.)

Attachment ⊂⇒131—Plaintiffs' attachment bond held to be increased to cover sheriff's poundage, year's premium on defendant's bond, and counsel fees.

In action commenced by levy of attachment, based on defendant's non-residence, where defendant filed release bond, *held* that, notwithstanding ambiguity in Civil Practice Act N. Y. § 1528, on defendant's motion, plaintiffs' bond would be increased to cover the sheriff's poundage, one year's premium on defendant's bond, and counsel fees for the defense of the action; such fees to be calculated on the amount of the property released, not on the amount demanded.

At Law. Action by M. J. Brandenstein & Co. against Nicolas Castano. On motion by defendant to increase plaintiffs' attachment bond. Motion granted.

Motion by the defendant to increase a bond given by the plaintiffs on procuring an attachment. The action was commenced in the state court by the levy of an attachment, based upon the defendant's nonresidence. The plaintiffs gave a bond of $500, and the defendant, being unable to vacate the attachment, filed a bond and procured the release of the property from the levy. He now wishes the plaintiffs' bond increased to cover the sheriff's poundage, one year's premium on his own bond, and counsel fees for the defense of the action. The case was removed to this court.

Garrard Glenn, of New York City, for the motion.
Wise & Seligsberg, of New York City, opposed.

LEARNED HAND, District Judge. The sheriff's poundage and the premium are certainly to be included in the bond. To-day the giving of a surety company bond is a regular course of procedure, a proper incident of every action, and the premium is a cost of the attachment. The only question is of counsel fees.

It is obvious that no motion to vacate the attachment would have been of any service to the defendant, a nonresident. Nothing can therefore turn upon his failure so to move. The case seems, therefore, to depend barely upon whether counsel fees in defending an action should be included in the bond given by the plaintiff on attachment. If the state law as laid down by the highest court was clear, certainly I

should follow it. Fidelity, etc., Co. v. Bucki & Co., 189 U. S. 135, 23 Sup. Ct. 582, 47 L. Ed. 744. But it is in some doubt. In Northampton National Bank v. Wylie, 52 Hun, 146, 4 N. Y. Supp. 902, affirmed 123 N. Y. 663, 26 N. E. 750, the court expressly ruled that counsel fees for defending the action in chief were not to be included in a recovery against the sureties.

The exact contrary was, however, ruled in Tyng v. American Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843; Id. 69 App. Div. 137, 74 N. Y. Supp. 502, where an unsuccessful motion had been made to vacate. However, when this case reached the Court of Appeals (174 N. Y. 166, 66 N. E. 668), that court declined to pass upon whether the fees for defending the action in chief could be recovered, but allowed fees for the unsuccessful effort to vacate, the amount of which used up all the bond. In Ives v. Ellis, 35 Misc. Rep. 333, 71 N. Y. Supp. 971, affirmed 67 App. Div. 619, 73 N. Y. Supp. 1137, the defendant was a nonresident and did not move to vacate, because that would have been futile. He succeeded in getting security for general counsel fees. The Appellate Division probably followed Tyng v. American Surety Co., supra, though it did not write. Balinsky v. Gross, 72 Misc. Rep. 7, 128 N. Y. Supp. 1062, is a similar ruling of the Appellate Term.

In Cook v. National Surety Co., 169 App. Div. 656, 155 N. Y. Supp. 493, the case was of a bond given by the plaintiff upon an arrest. It was held that the defendant's counsel fees in defending the action were allowable, though the action was found to be premature. The defendant had unsuccessfully tried to vacate the arrest. The opposite was held in Kattell v. American Surety Co., 160 App. Div. 68, 145 N. Y. Supp. 465, by the Third Department; but there the defendant was a resident, and apparently did not move to vacate.

The affirmance of Northampton National Bank v. Wylie, supra, seems to indicate that the Court of Appeals ruled against the defendant, unless the point be a good one that in that case no motion had been made to vacate. That was the distinction made in Tyng v. American Surety Co., supra, in the Appellate Division, but it was not taken in the General Term when the case was decided, and, as the law was then understood, the motion would have been fruitless. Yet it is curious, if the law is so, that the point was avoided when Tyng v. American Surety Co., supra, was in the Court of Appeals. I cannot find that the highest court of New York has as yet definitively determined the question one way or the other.

On principle it is, of course, true that the defendant cannot get rid of the attachment without defending the action; in that sense the expense of defense is directly due to the levy. And yet in defending he is doing more than ridding himself of the burden which the plaintiff imposes on him; he is getting an adjudication as well, and perhaps, as here, for a larger amount than the property attached. Section 1528 of the New York Civil Practice Act is ambiguous; it says that the defendant may apply for increase when the sum specified is "insufficient," but does not say how its insufficiency shall be ascertained.

In Oelricks v. Spain, 15 Wall. 211, 21 L. Ed. 43, and Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, such allowances

were not granted upon an injunction bond, and the federal rule is so settled. In the earlier case the reasoning was general, and applicable to attachment bonds. Yet these were suits in equity, as was noted in Tullock v. Mulvane, supra, in which the federal courts may adopt their own notions of justice, unlike actions at law. It is clearly undesirable that in actions at law the practice should vary between the jurisdictions, because Congress has especially provided for their conformity. I think, in view of the settled law in the Appellate Division for the First Department, that I should adopt the rule there laid down until the Court of Appeals rules otherwise.

The right to attach the goods of a nonresident merely as such is drastic, and there is no good reason why, if it proves to have been improperly exercised, the defendant should be left without redress, when he cannot regain possession of his goods, except by meeting the issues on the merits. While, therefore, the case is not literally within Fidelity, etc., Co. v. Bucki & Co., supra, because there is no decision of the Court of Appeals, still that case requires me to follow the state law so far as I can learn it. It appears to me that the rule as settled in the First Department is as good an exposition of the state law as I can find, and that in the absence of some other authority I should follow it. Judge A. N: Hand, in McKay v. Otto & Co. (not for publication), filed November 24, 1919, ruled in the same way in this court. This makes it doubly undesirable to decline to accept the state decisions.

The plaintiff has given a bond of $500. I will allow $3,000 for costs and $4,000 for prospective counsel fees. The fees must in any event be calculated upon the amount of the property released, not on the amount demanded. Therefore the plaintiffs will file an additional bond of $6,500.

Settle order on notice.

&⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes