■ MAX DEAN, Appellant, v. JAMES McHUGH CONSTRUCTION COMPANY, Respondent.— Order unanimously reversed, with costs, and matter remitted to Special Term, Monroe County, for issuance of an order of attachment in accordance with the following memorandum: Although Special Term denied the application for an order of attachment on the ground that there was "no debt or property subject to attachment as required by Sec. 6202 CPLR", on this appeal defendant agrees with plaintiff "that monies are presently due and owing from the City of Rochester to the defendant and that such monies constitute a debt which, in an appropriate case, could be attached." The question thus presented to us is whether, in the exercise of sound discretion, the provisional remedy — sought for security purposes only and not to confer juris-

diction, which resulted from defendant's appearance in the action — should be granted. Exercising the power vested in us to make the discretionary determination which could have been made at Special Term but for that court's disposition of the motion as a matter of law (*Phoenix Mut. Life Ins. Co.* v. *Conway*, 11 N Y 2d 367, 370–371), we grant the order of attachment. Defendant is an Illinois corporation engaged in the construction business with no apparent assets in this State, other than equipment, supplies and materials being used in connection with a tunnel project in the City of Rochester, which it proposed to remove in July, and funds due it from the city, which plaintiff seeks to attach. If attachment is denied plaintiff will have to seek enforcement in Illinois of any judgment which he recovers in this State. Furthermore, while defendant asserts that it has substantial assets, the financial statements offered to support this contention are as of May 31, 1972, a time remote from the date when plaintiff may recover a judgment. The remoteness is significant in view of the volatile nature of the construction industry, of which defendant is a part. Finally, the hardship which defendant urges it will suffer in the form of interest charges incurred in borrowing money to replace the funds attached may be alleviated by the requirement of an undertaking sufficient to assure reimbursement of the interest in the event defendant succeeds in the action. In these circumstances attachment should be granted. Prior to the issuance of the order of attachment plaintiff must furnish an undertaking in the amount of $61,510.56, $40,750 of which will be conditioned that plaintiff shall pay to the defendant all legal costs and damages which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that plaintiff was not entitled to an attachment, and the balance conditioned that the plaintiff shall pay to the Sheriff all of his allowable fees. The figure of $40,750 represents possible damage from the attachment of $15,750 (interest at 3% on the sum of $525,000 to be borrowed as replacement of the funds attached) and counsel fees in defense of the action of $25,000. With respect to interest, defendant asserts that it will be required to pay 12% to borrow; the funds attached by the Sheriff should be directed to be put at interest by him in some form of deposit specified by Special Term, perhaps on agreement by the parties, the interest to be paid over by the Sheriff to whichever party receives the attached funds on their final disposition. In the present money market we believe such funds can be expected to yield high returns; for that reason we fix an amount of the undertaking attributable to damages from borrowing which represents 3% of the sum attached ($525,000), the difference between the cost of borrowing and the interest to be earned by the attached funds. Since we have determined that an order of attachment should be granted, it is apparent that the only method available to defendant to regain possession of its attached property will be by a successful defense of the action on the merits. Counsel fees thus incurred will be "sustained by reason of the attachment" and thus properly included within the ambit of the undertaking (*Thropp* v. *Erb*, 255 N. Y. 75, 80–81; *Minskoff* v. *Fidelity & Cas. Co.*, 28 A D 2d 85; *Hendricks* v. *Campbell*, 7 A D 2d 949; *T. W. Warner Co.* v. *Andrews*, 73 F. 2d 287, cert. den. 294 U. S. 717; *Brandenstein & Co.* v. *Castano*, 283 F. 843). (Appeal from part of Order of Monroe Special Term denying motion for order of attachment in breach of contract action.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.