**BRENDAN CHARTERING CORPORATION, Plaintiff,**

v.

**FOS SHIPPING CO., LTD., FAMAGUSTA (CYPRUS), Defendant,**
and
**Bank of America, Intervenor.**

**No. 71 C 403.**

United States District Court,
E. D. New York.

May 24, 1974.

On Motion for Reconsideration
July 1, 1974.

---

John J. Devine, Jr., New York City, and Alan Van Praag (Poles, Tublin, Patestides & Stratakis, New York City, of counsel), for plaintiff.

Francis H. McNamara, New York City (Hill, Betts & Nash, New York City, of counsel), for defendant and intervenor.

DOOLING, District Judge.

■ Plaintiff objects to the taxation of the ship-keeping (and wharfage) charges incurred by the vessel with the Marshal. Defendant paid these to secure the release of the vessel from three attachments of which plaintiff's was the first and, perhaps, the one that precipitated the other two because it tied the ship up. Defendant suggests that the Marshal's charges should be pro-rated among the suitors in the proportion of the number of days each suitor had the vessel under seizure. On that basis, plaintiff would have to pay only half.

There is merit in the suggestion. The other two plaintiffs may—for all that appears—have had just claims that defendant paid, and for which it would not be entitled to a costs recovery; or they may have been wrongful attachers whose claims were disposed of on a basis that notionally took account of their liability for costs, including their share of ship-keeping costs. While there are some inexplicable docket entries and filed papers that leave uncertain the total amount of ship-keeping and wharfage costs incurred by the vessel while it was in court custody and the identity of the person or persons who paid them, on the assumption that defendant paid all of the amount in question to get the vessel released, and paid, in all, $6,638.10, the last item on the bill of costs should be reduced from $6,638.10 to $3,288.00.

■ The fee matter is most perplexing. A. C. Israel Commodity Co. v. Banco do Brasil, S.A., N.Y.Co.1966, 50 Misc. 2d 362, 270 N.Y.S.2d 283, collects the cases and in part relies on Judge Learned Hand's decision in T. W. Warner Co. v. Andrews, 2d Cir. 1934, 73 F. 2d 287, 291, but that in turn rests on New York law. Federal policy is inhospitable to the taxation of attorney fees except in the extraordinary case, Hall v. Cole, 1973, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702, and, in the closely analogous case of attorneys fees expended to procure the dissolution of an injunction, the Court declined to follow the local rule allowing such fees as taxable costs. Tullock v. Mulvane, 1902, 184 U.S. 497, 22 S.Ct. 372, 46 L.Ed. 657. Powelton Civic Home Owners Assn. v. Dept. of Housing and Urban Development, E.D. Pa.1968, 284 F.Supp. 809, 840, generalizes that proposition. Always 28 U.S.C. § 1923 remains, with its incomprehensible implications, as a caution against allowing counsel fees.

It must be concluded that attorneys fees are not, in the circumstances, recoverable as costs.

It is so ordered.

### ON MOTION FOR RECONSIDERATION

■ A reconsideration of the Memorandum and Order of May 24, 1974, has been sought on the basis that the earlier decision failed to take account of the consideration that the attachment in the present case was sought explicitly and purposively under the provisions of New York law notwithstanding that the cause was a cause maritime and filed as a claim in admiralty. Since the Civil and Supplementary rules do contemplate that, even in admiralty cases, the state

attachment practice can be invoked notwithstanding that the consequence must necessarily be a lack of national uniformity in attachment procedures, a fresh look at the earlier conclusion is necessitated.

 Here, the papers supporting the application for the process of attachment are drafted to show state law grounds of attachment, and the language of the security-requiring order, and therefore the terms of the deposit of the security funds, are those of the New York statute; were the case, then, a diversity case, defendant would clearly be entitled to obtain an award of attorneys fees (to the extent of the deposit only) reasonably incurred in defending the action on the merits, that being the only practicable means of obtaining a release from the attachment and its consequences. M. J. Brandenstein & Co. v. Castano, S.D.N.Y.1922, 283 F. 843; T. W. Warner Co. v. Andrews, 2d Cir. 1934, 73 F.2d 287; A. C. Israel Commodity Co., v. Banco do Brasil, S.A., N.Y.Co. 1966, 50 Misc.2d 362, 270 N.Y.S.2d 283. To be sure in *Brandenstein* Judge Learned Hand assumed that the decision might be otherwise had the case been a case in federal equity, which would not, as he viewed it, be governed by the statute making state law rules of decision in trials at common law conducted in the federal courts (now 28 U.S.C. § 1652, reference to "common law" trials replaced by "civil actions"). If federal policy could govern in equity cases, it is arguable that it should also govern in admiralty cases, and there are, indeed, intimations that in such matters as these federal policy should control rather than state law even where the two intersect. *Cf.* Crispin Co. v. M/V Korea, S. D.Tex.1965, 251 F.Supp. 878; Greenberg v. Panama Transport Co., D.Mass. 1960, 185 F.Supp. 320, 324. However, it is concluded, not without hesitation, that the explicit invocation of the alternative of state procedure in the supplementary rules (Rule B(1)) makes it clear that, notwithstanding that admiralty causes are involved, the rules contemplate the absence of national uniformity of procedure to the extent that the state law invoked by Rule B(1) varies from state to state and from pre-existing federal policy. From this it follows that the Memorandum and Order of May 24, 1974, was in error. It is, accordingly,

Ordered that the Memorandum and Order of May 24, 1974, is set aside to the extent that it denied the motion of defendant for allowance of attorneys fees, and the said motion is granted; and it is further

Ordered that the bill of costs be retaxed so as to allow as attorneys fees the amount agreed upon between counsel; absent agreement between counsel, there will have to be a determination of the reasonable amount of attorneys fees.