(56 Misc. Rep. 623.)

### McLEAN v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term. December 20, 1907.)

1. ARREST—CIVIL ACTION—UNDERTAKING—ITEMS OF DAMAGE.

The recovery on an undertaking given to obtain an order of arrest, where judgment in the action is for defendant, includes, in addition to the costs, damages for counsel fees in attempting to vacate the order of arrest, in securing bail, in the trial of the case, and for loss of earnings during imprisonment, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, § 135.]

2. SAME—ACTION ON JUDGMENT FOR COSTS—RIGHTS OF ASSIGNEE OF UNDERTAKING.

Where judgment was for defendant for costs in an action in which an order for arrest had been obtained, the assignee of the undertaking given to procure the order need not ask to be made a party to an action on the judgment for costs by an assignee thereof against the surety on the undertaking, and the fact that he or his assignor have not asserted a claim for damages is no evidence that there could not be a recovery on the undertaking, and does not authorize full recovery by the assignee of the judgment for costs.

**3. SAME—RIGHTS OF ASSIGNEE OF JUDGMENT.**

    If the assignee of the judgment had any interest in the amount recoverable on the undertaking, it would be limited to the amount of the costs, and would be at most an equitable interest in any sum which might be recovered on the undertaking in an action in which all interested claimants were parties.

**4. SAME—LIABILITY ON UNDERTAKING.**

    A surety on an undertaking given to procure an order of arrest is liable for one cause of action thereon, and the rights of any persons to damages or costs thereunder, however acquired, must be fixed and determined in one action, in which all the claimants are made parties.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, § 136.]

**5. ASSIGNMENTS—EFFECT—RIGHTS OF ACTION—APPLICATION OF RULE.**

    The rule that the transfer of a principal debt carries with it all collaterals, etc., is applicable only in cases where equity requires it, and not where it would work an injury to the assignor, as where the security stands for several distinct debts; hence, where defendant in an action in which there was an order for arrest recovered judgment for costs, and the judgment was assigned to plaintiff, but the undertaking to procure the order of arrest was subsequently assigned to another, plaintiff cannot recover from the surety on the undertaking in an action in which the assignee of the undertaking is not made a party.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by James R. McLean against the Fidelity & Deposit Company of Maryland. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Frank A. Acer, for appellant.
Alfred J. Talley, for respondent.

McCALL, J. The undisputed facts in this case show that one Lynch began an action in the Supreme Court against one Bloch, the plaintiff's assignor herein, and in that action obtained an order of arrest. The defendant herein executed an undertaking on behalf of said Lynch, wherein it undertook and guaranteed that if in such action Bloch should recover a judgment, or it was finally decided that Lynch was not entitled to the order of arrest, he should pay all costs which might be awarded to said Bloch and all damages which he might sustain by reason of such arrest. This action came on for trial, and resulted in a verdict for the defendant (Bloch), and a judgment was entered in his favor for the sum of $125.59 costs. Subsequently an execution was issued against the property of Lynch, and on June 20, 1906, was returned wholly unsatisfied. Thereafter, and on January 14, 1907, the judgment was sold and assigned by Bloch to this plaintiff. On January 31, 1907, Bloch sold and assigned all his "right, title, and interest of, in, and to the undertaking," together with "any and all causes of actions which I now have or hereafter may have upon said undertaking," to one Kinstler. This plaintiff, the owner of the judgment, seeks in this action to recover the amount thereof from the defendant, and did obtain a judgment therefor in the court below.

Inasmuch as there is nothing in the assignment, pleading, or proof which signifies that plaintiff's assignor intended to or did convey any

·of his rights under the undertaking to this plaintiff, the plaintiff must establish the legal effect of the assignment of the judgment to be such .as to entitle him to recover the amount thereof of the defendant, and in this action, in which he and the defendant are the only parties. Reduced to its lowest terms, the claim of the plaintiff is that the legal ·effect of the assignment of the judgment was to vest in the plaintiff the right to recover of the defendant the amount of costs evidenced by the judgment and unpaid by Lynch; and this without regard to the fact that the undertaking itself had been assigned by Bloch to said Kinstler. The undertaking of the defendant is an entire one, although it provides for the payment, upon the happening of a contingency, of several items of damages, viz., for the costs awarded to the defendant (Bloch) and all damages which he may sustain by reason of the arrest, not exceeding $250. The items of damages that may be recovered, aside from the costs, consist of counsel fees in efforts to vacate the order of arrest, in securing bail, in the trial of the case, and for loss of earnings during imprisonment, etc. Bamberger v. Kahn, 43 Hun, 411; Tyng v. American Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843; Krause v. Rutherford, 45 App. Div. 132, 60 N. Y. Supp. 1047.

The respondent urges, however, that, as there is no evidence that Bloch attempted to procure the vacating of the order of arrest, it must be deemed to have been properly granted, and that he or his assignor ·is estopped from claiming any "special" damages because of his arrest. Plaintiff also asserts that because Kinstler did not ask to be joined as a party, and presented no evidence of any kind as to damage, there is no foundation for the claim that a judgment in favor ·of the plaintiff would injure the rights of Kinstler. This argument is in support of a proposition that the plaintiff's recovery herein bars .any claim that Bloch or his assignee may have against the defendant for damages other than the costs evidenced by the judgment assigned to the plaintiff, and that in fact there was no tenable claim at the time ·of the assignment of the undertaking against the defendant, except the amount of the costs awarded Bloch by the judgment in his favor. There is no validity or force in this contention. Bloch's cause of action accrued when the action brought by Lynch terminated in his favor, and he was then, and for aught that appears his assignees are now, ·entitled to recover, not only the costs awarded him, but also for the damages that were caused him by his arrest; and because it does not .appear that up to the present time either Bloch or his assignee have asserted any claim to recover for damages is no ground or reason for affirming that proof of such damages cannot be given and a recovery be had therefor. Neither was Bloch's assignee,. Kinstler, compelled to ask that he be made a party to the present action, and that he has not as yet pressed his claim is not evidence that he has none.

Assuming, then, but not deciding, that the legal effect of the assignment of the judgment against Lynch for costs vested in the plaintiff a right or interest in the amount recoverable upon the undertaking, it is ·clear that the plaintiff's claim therein would be limited to the amount of such costs, and by no theory could it be extended to the other elements of damage covered by the bond. The plaintiff would therefore have only an equitable interest, bounded by the amount of the judg-

ment, in any sum that might be recovered of the defendant in an action in which all interested claimants were parties. The assignment of the judgment to the plaintiff would not create the right to divide defendant's liability into as many complete causes of action as there might be owners or claimants to the several items of damage which the defendant was obligated to pay in accordance with the conditions of the bond. The defendant is liable but for one cause of action, and has a right to insist that, having incurred but one liability, all the parties claiming an interest in any sum of money which it may be found obligated to pay shall be made parties in one action, and it cannot be subjected to costs in several separate actions brought by each claimant. If, therefore, the plaintiff, by operation of law or otherwise, acquired any right or interest in the amount which may be recovered of the defendant by reason of its having given the undertaking aforesaid, those rights must be fixed and determined in an action in which all the claimants in the subject-matter are made parties.

The authorities referred to in respondent's brief add no strength to his position. The rule that the transfer of the principal debt carries with it all collaterals, etc., is well known (Allen v. Brown, 44 N. Y. 233), and is applicable only in cases where equity requires it, and not where it would work an injury to the assignor, as where the securities stand for several distinct debts. Now the judgment assigned to plaintiff is merely an item of damage which, when proven on the undertaking, would fix defendant's liability to that extent; the defendant still remaining liable up to $250 in amount for all other proved items of damage, showing that said security beyond peradventure stands for several possible distinct debts held by several distinct persons, all of whom, we believe, are necessary parties to a complete and final settlement of the issues involved. This, of course, will present the suggestion that the proper tribunal for a disposition of these issues is a court of equity; but in any event this judgment must be reversed.

Judgment reversed, with costs, and complaint dismissed. All concur.