FIRESTONE et al. v. ÆTNA INDEMNITY CO.

(Supreme Court, Appellate Term. May 17, 1910.)

1. REPLEVIN (§ 124\*)—LIABILITIES ON BOND.

A replevin bond, given under Municipal Court Act (Laws 1902, c. 580), § 99, providing that such bond shall cover payment to defendant of "any sum which the judgment awards to him against the plaintiff," does not indemnify the defendant against expenses incurred for counsel.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 487–497; Dec. Dig. § 124.\*]

2. ACTION (§ 53\*)—PARTIAL ASSIGNMENTS.

Defendant in replevin assigned all his interest in a replevin bond, together with right to sue for the recovery of damages sustained, to the extent of $250. *Held,* that the cause of action on the bond cannot be split, nor recovery had in an action unless all claimants are joined therein.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.\*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles Firestone and another against the Ætna Indemnity Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

See, also, 122 N. Y. Supp. 235.

Argued before SEABURY, GUY, and BIJUR, JJ.

Frederick H. Cowden, for appellant.

Isador Silver, for respondents.

BIJUR, J. Without considering a number of other points raised by the appeal, it suffices to point out that section 99 of the Municipal Court act (Laws 1902, c. 580) provides that the bond shall cover payment to the defendant only of "any sum which the judgment awards

---

to him against the plaintiff." In this it differs from sections 57 and 76, whereby the bond is required to cover "all damages which defendant may sustain by reason of" the arrest and attachment, respectively. As the present plaintiff, who was defendant in replevin, was not indemnified against damages suffered, expenses incurred for counsel cannot be recovered.

In addition to this vital point, the only claim of the defendant in replevin against the plaintiff therein would be for the return of the chattel or its value. In the case at bar, however, the defendant in replevin has undertaken to assign to the plaintiff at bar "all my right, title, and interest in and to a certain undertaking in replevin, * * * together with full right to institute any and all actions for the recovery of damages by me sustained under said undertaking in replevin to the extent of $250." The cause of action cannot be split up in this manner, and recovery had in an action, unless all claimants are joined therein. McLean v. Fidelity & Deposit Co., 56 Misc. Rep. 623, 107 N. Y. Supp. 907.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.