(21 App. Div. 501.)

## FUERSTENBERG v. AMERICAN SODA–FOUNTAIN CO.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

ATTACHMENT—SUFFICIENCY OF BOND.

> Upon a warrant of attachment for $9,653 and interest, with costs and expenses, plaintiff's undertaking was for $250. After procuring a discharge of the attachment, by giving an undertaking, and paying $287.32 for sheriff's fees, defendant moved for an increase in the security given by plaintiff. *Held*, that the original undertaking was wholly inadequate, and should be increased to $1,000.

Appeal from special term.

Action by Samuel Fuerstenberg against the American Soda-Fountain Company, sued as the John Matthews Apparatus Company. From an order denying defendant's motion that plaintiff increase his security on attachment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

I. Albert Englehart, for appellant.

J. S. Epstein, for respondent.

VAN BRUNT, P. J. A warrant of attachment was issued in this case, requiring the sheriff to attach the property of the defendant, to the amount of $9,653 and interest, together with the costs and expenses. The undertaking upon the attachment was in the sum of $250. The property of the defendant was attached, and, for the purpose of discharging the attachment, the defendant filed an undertaking with the court to secure the amount of the plaintiff's alleged claim, with interest and costs, which undertaking was duly approved by the judge granting the warrant of attachment and an order was entered discharging such attachment. The defendant was required to pay to the sheriff the sum of $287.32, his fees upon the discharge of the attachment, and he thereupon moved for an increase in the security given by the plaintiff upon obtaining the attachment. This motion was denied, and from the order thereupon entered this appeal is taken.

It is plain that the security given was altogether inadequate. The condition of the undertaking on the attachment was that if the defendant recovered judgment, or if the warrant was vacated, the plaintiff would pay all costs which might be awarded to the defendant, and all damages which he might sustain by reason of the attachment, not exceeding the sum specified in the undertaking. It is apparent that $250 is no security for the costs which the plaintiff may be called upon to pay if the defendant is successful. The disbursements already necessarily incurred upon the part of the defendant in discharging the attachment exceed the amount of the undertaking. Security upon an attachment is intended to be an indemnity to the defendant against his costs, disbursements, and damages; and, as already seen, the undertaking in question by no means secures the plaintiff in the manner contemplated by the Code. We think, therefore, that the motion should have been granted, and the security increased by the sum of $750.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, directing that a new undertaking, in the sum of $1,000, be given, with $10 costs of the motion. All concur.

(21 App. Div. 514.)

## In re H. HERRMAN LUMBER CO.

(Supreme Court, Appellate Division, First Department.   November 5, 1897.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—INSPECTION OF BOOKS.
    Under section 3, subd. 5, of the act relating to assignments for the benefit of creditors (Laws 1877, c. 466, as amended by Laws 1878, c. 318, § 1), a creditor has the right, at any and all times, to inspect and examine the books and papers of the assignor.

Appeal from special term.

In the matter of the estate of R. Rothschild's Sons Company, the H. Herrman Lumber Company applied for an order to allow it to inspect the books and papers of the insolvent firm.   From an order directing Benjamin F. Cahn, assignee, to allow such inspection, he appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.