(35 Misc. Rep. 333.)

IVES v. ELLIS et al.

(Supreme Court, Special Term, New York County.   June, 1901.)

1. ATTACHMENT—BOND—APPLICATION TO INCREASE.

On an application for an increase of the bond given by plaintiff in order to procure a writ of attachment, the propriety of such increase depends upon whether the action must be tried in order to obtain a dissolution of the attachment.

2. SAME—TIME OF MAKING.

An application for further security in attachment may, under Code Civ. Proc. § 682, be made at any time before the application of the attached property or the proceeds thereof to the payment of any judgment recovered.

3. SAME.

An attachment against nonresident defendants had not been attacked on any statutory ground, and the defendants had succeeded in the action up to the court of appeals. The parties agreed that the existence of the attachment was not affected by the judgment in favor of the defendants. *Held*, that the amount of plaintiff's original undertaking would be increased from $250 to $4,000, to cover the fees and costs already incurred, and the fees to be incurred on the appeal to the court of appeals.

Action by Brayton Ives against Gilbert T. Ellis and others. Motion to increase amount of undertaking on attachment. Granted.

James H. Fay, for the motion.
Carter, Hughes & Dwight, opposed.

GILDERSLEEVE, J.   The action is for a breach of warranty with regard to certain books sold by defendants to the plaintiff. The defendants are nonresidents, and plaintiff, upon concededly proper and sufficient affidavits, obtained an attachment, and attached some books belonging to the defendants. The action was tried and resulted in a verdict for the defendants. An appeal was taken, and the appellate division affirmed the judgment. 64 N. Y. Supp. 147. The plaintiff then appealed to the court of appeals, where the case now rests. No motion has been made by defendants to vacate the attachment, as the attachment was regularly granted upon statutory grounds, but defendants now move to increase the amount of the security given by plaintiff upon the attachment from $250 to $6,000, under the provisions of section 682 of the Code. The parties agree that the attachment exists in full force and effect at the present time, notwithstanding the judgment in favor of the defendants. The defendants claim that they have paid out $4,000, as counsel fees in the action, for sheriff's fees, for stenographer's fees upon the trial, and for traveling expenses, and they also claim that they will sustain further damage to a considerable extent in defending the appeal now pending in the court of appeals. There is no question of laches here, as this application can be made at any time before the actual application of the attached property, or of the proceeds thereof, to the payment of the judgment recovered in the action. Code, § 682. The amount of the damage thus far is claimed to be $2,600 counsel fees, $313 sheriff's fees, $285 stenographer's fees, and $500 traveling expenses. Inasmuch as a motion to vacate the attachment would necessarily fail, it is evident that the trial and the eventual result of

the appeal can alone decide the fate of the attachment. In the case of Tyng v. Surety Co., 48 App. Div. 242, 62 N. Y. Supp. 844, on the question of allowing counsel fees incurred in the action as damages by reason of an attachment, Mr. Justice Patterson uses the following language, viz.:

"The sole question before us relates to the expenses of the trial of the action being recoverable, and that depends altogether upon the absolute necessity of trying the action to get rid of the attachment."

The case at bar would seem to meet this condition, and it also appears that the following words of the learned justice apply here, viz.:

"It thereupon did become absolutely necessary for defendant to try the issues, in order to relieve the property from the attachment. It was that process which compelled defendant's appearance in the action. She was a nonresident, and without the attachment she would not have been brought within the jurisdiction of the court."

And the appellate court held in the case above quoted that counsel fees incurred in the action "are damages which the defendant may sustain by reason of the attachment," within the meaning of the undertaking given to procure the attachment. Referring to the case of Bank v. Wylie, 52 Hun, 148, 4 N. Y. Supp. 907, urged by the plaintiff in the case at bar, in opposition to this motion, Mr. Justice Patterson says, "It is not to be controverted that sureties on an undertaking given on procuring an attachment are not ordinarily liable for general counsel fees incurred in the action;" but, under the state of facts above disclosed, he held that the authority of Bank v. Wylie did not apply. I must hold, under the above authority of Tyng v. Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843, that the $2,600 counsel fee must be considered as damages covered by the attachment bond. The same is true of the $285 stenographer's fees, as they are "expenses of the trial of the action," within the meaning of the language of Mr. Justice Patterson, above quoted. The security to be given in an action by a plaintiff who obtains a warrant of attachment is intended to be an indemnity to the defendant against his costs, disbursements, and damages. Fuerstenberg v. Soda-Fountain Co., 21 App. Div. 501, 48 N. Y. Supp. 508. The sheriff's fee of $313 is unquestionably covered by the bond. The claim of $500 for alleged traveling expenses, however, seems to be too hazy and indefinite to be here considered. I think substantial justice will be satisfied by raising the amount of the undertaking to $4,000. No costs.

Ordered accordingly.