### FIXEL v. TALLMAN et al.

(Supreme Court, Appellate Term. May 7, 1909.)

ATTACHMENT (§ 351*)—WRONGFUL ATTACHMENT—BOND—ELEMENTS OF RECOVERY—ATTORNEY'S FEES.

　　Defendant T. brought attachment against a foreign corporation. The attachment was sustained on that ground, but the complaint was dismissed on the merits, and T. appealed, and the appeal was finally dismissed. *Held* that, since the attachment was used to secure jurisdiction of the foreign corporation defendant, except for which there would have been no trial, attorney's fees in defending the action on the merits constituted a proper element of damage on the bond for wrongful attachment.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1294; Dec. Dig. § 351.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Rudolph Fixel, as assignee of the Atlantic Rubber Manufacturing Company, against Charles A. Tallman and others. From a Municipal Court judgment for plaintiff for less than the relief demanded, he appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Samuel P. Goldman, for appellant.
Walter L. Pate, for respondent Russell.

PER CURIAM. The defendant Charles A. Tallman brought an action against the Atlantic Rubber Manufacturing Company, and procured an attachment against said company on the ground that it was a foreign corporation, as to the merit of which ground there was no dispute, and upon the undertaking given to procure such attachment the defendants in the case at bar were sureties. The Atlantic Rubber Company procured an undertaking to discharge said attachment, upon which undertaking the United States Fidelity Company was the surety, and for which bond the said Atlantic Rubber Company paid a premium of $10. No motion was made to vacate the attachment, for the reason that the company was in fact, as above stated, a foreign corporation, and a motion to vacate would have been useless. In order, therefore, to dispose of the attachment, it was necessary to await the result of the trial. Upon the trial, the trial judge, after hearing the evidence of both sides, stated that he would not undertake to decide the issues, and, on motion of the attorney for said Tallman, a second trial was ordered, and the case sent to another justice. Upon a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

second trial, the justice, having heard the evidence of both sides, reserved his decision and directed the respective counsel to submit briefs, which was done, and subsequently the court rendered his decision, dismissing the complaint on the merits. The costs of that trial have been paid; but said Tallman, the plaintiff therein, appealed to the Appellate Term of the Supreme Court from said judgment, but this appeal was finally dismissed. This action at bar is brought by the assignee of the Atlantic Rubber Manufacturing Company against the sureties on the undertaking given by Tallman to procure the attachment above mentioned, which attachment necessarily fell with the judgment in favor of the Atlantic Rubber Manufacturing Company against Tallman, dismissing the complaint on the merits, with costs. The court allowed plaintiff as damages arising from said attachment $10 damages and $4.41 costs. Plaintiff appeals, on the ground that the court should also have allowed $68 counsel fees.

As we have seen, no motion was made to vacate the attachment, and the issues involved at the two trials of the action were by no means identical with any question of the validity of the attachment; but it cannot be said that the labor of counsel at the trials was not attributable to or rendered necessary by the existence of the attachment. It was that attachment which compelled defendant's appearance in the action, since defendant was a foreign corporation, so that, had it not been for the attachment, there would presumably have been no trial, and, therefore, counsel fees incurred in the action are damages which defendant sustained by reason of the attachment, within the meaning of the undertaking in suit. Tyng v. American Surety Co., 48 App. Div. 242, 62 N. Y. Supp. 843; Ives v. Ellis, 35 Misc. Rep. 333, 71 N. Y. Supp. 971, affirmed 67 App. Div. 619, 73 N. Y. Supp. 1137. The counsel for plaintiff sets forth in detail the services performed with regard to the trials and appeal, and the value thereof, and as such services would not have been rendered, were it not for the attachment, they must be regarded as items of damage arising from the issuing of the attachment, and by the terms of the undertaking the defendants are liable for the costs and damages sustained by reason of the attachment.

Judgment modified, by increasing the recovery by the sum of $68, and, as modified, affirmed, with costs.