### BALINSKY v. GROSS et al.

#### (Supreme Court, Appellate Term. May 4, 1911.)

1. ATTACHMENT (§ 350*)—ACTION ON BOND—EVIDENCE.
   In an action on an attachment bond, it was error to exclude evidence showing legal services in defeating the attachment suit.
   [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 350.*]

2. ATTACHMENT (§ 351*)—ACTION ON BOND—DAMAGES RECOVERABLE.
   Where an attachment is valid, and trial of the action is necessary to avoid it, defendant or his assignor, in an action on the attachment bond, is entitled to recover fees of counsel.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1290–1303; Dec. Dig. § 351.*]

3. ATTACHMENT (§ 351*)—ACTION ON BOND—DAMAGES RECOVERABLE.
   To recover, in an action on an attachment bond, the expenses of the trial of the attachment action, defendant in attachment must show that he applied to vacate the attachment; but, if it appears that motion to vacate would have been futile, failure to make it is excusable.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1290–1303; Dec. Dig. § 351.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Balinsky against Anna Gross and others. From the judgment, and from an order refusing a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Samuel Silinsky, for appellant.

H. & J. J. Lesser, for respondents.

LEHMAN, J. The plaintiff sues as assignor of the firm of Rivkin Bros. upon a bond in the usual form executed by the defendants upon an application for a warrant of attachment. It appears conclusively that Rivkin Bros. were nonresidents of the state and had no place of business in the city of New York, that the writ of attachment and the papers upon which it was granted were sufficient on their face, and that they alleged that Rivkin Bros. were nonresidents and had no place of business in the city of New York, thereby giving the plaintiff in the action the right to apply for an attachment against them, if she had a good cause of action. The defendants in that action did not move to vacate the attachment, but defended the action, and obtained a final judgment in their favor after two trials and an appeal. The defendants in this action do not dispute their liability on the bond, and have

not appealed from the judgment against them; but the plaintiff appeals from a judgment in his favor, because the amount of damages awarded does not include the amount of the counsel fees incurred by Rivkin Bros. on the trial of the action.

[1] The rulings of the trial justice in regard to the admission of evidence to prove the value of the counsel's services are inconsistent. He excluded many material and competent questions on this issue, on the ground that counsel fees incurred on the trial of the action are not part of the damages which plaintiff should be permitted to prove, unless his assignors first made a motion to vacate the attachment. On the other hand, he did thereafter admit considerable testimony on this issue, and charged the jury to allow the plaintiff the reasonable value of the counsel's services. The jury, however, apparently disregarded the undisputed evidence as to the value of these services. Under such circumstances, the rulings which prevented the plaintiff from showing these services in detail, so that the jury could form a clear idea of the value of the services, presents in my opinion clearly prejudicial error, unless the first impression of the trial justice that the plaintiff was not entitled to such damages was correct.

[2] The question whether fees of counsel employed for the trial of the action are damages sustained by reason of the attachment, within the meaning of the bond, is not free from doubt. The Court of Appeals expressly refused to pass upon this question in the case of Tyng v. American Surety Co., 174 N. Y. 166, at page 169, 66 N. E. 668. In this department, however, there is ample authority for the view that:

"Where the trial of the action is rendered necessary to dissolve an injunction or vacate an attachment, the expenses of the trial are recoverable." Tyng v. American Surety Co., 69 App. Div. 137, 74 N. Y. Supp. 502.

"Where the defendant is a nonresident, and without the attachment would not have been brought within the jurisdiction of the court, but, owing to the attachment, is obliged, for the protection of his property, to appear and subsequently go to trial upon a claim which is then adjudged to be one upon which he is not liable, he may recover the expenses of the trial." Tyng v. American Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843.

[3] To recover the expenses of the trial, the defendant in the attachment action must show that he has made all reasonable efforts by application to the court to vacate the attachment for those expenses which, so far as the attachment was concerned, might not have become necessary had he exhausted his remedy. Where, however, it appears that a motion to vacate would be futile, it cannot be said that the defendant has failed to make every reasonable effort to vacate. Fixel v. Tallman, 116 N. Y. Supp. 639. It is true that it was decided in the case of Northampton v. Wylie, 52 Hun, 147, 4 N. Y. Supp. 907, that in the absence of such a preliminary motion there can be no recovery for the expenses of the trial, even though such a motion would probably have proved ineffectual; but in that case the attachment was invalid on its face, and the motion would probably have proved ineffectual only because the courts were then proceeding upon an erroneous construction of the law. Where, however, the attachment itself is valid, and the trial of the action is an absolute necessity to rid the defendant of the attachment, the authority of Northampton Bank v.

Wylie does not apply. Ives v. Ellis, 35 Misc. Rep. 333, 71 N. Y. Supp. 971, affirmed 67 App. Div. 619, 73 N. Y. Supp. 1137.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.