STRASCHITZ v. UNGAR et al.

(Supreme Court, Appellate Term, First Department.  May 13, 1915.)

1. ATTACHMENT ⬉⟿351—WRONGFUL ATTACHMENT—DAMAGES.
    Where trial of the action is rendered necessary to dissolve an attach-
    ment, the expenses of trial are recoverable by defendant.
        [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1290–1303;
    Dec. Dig. ⬉⟿351.]

2. ATTACHMENT ⬉⟿351—WRONGFUL ATTACHMENT—MOTION TO DISSOLVE—NE-
    CESSITY.
        Where the warrant of attachment was based on the nonresidence of
    defendant, and such nonresidence was not disputed, defendant's failure
    to move to set aside the warrant will not, the attachment having been
    dissolved after trial, preclude defendant from recovering the expenses
    of trial.
        [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1290–1303;.
    Dec. Dig. ⬉⟿351.]

3. SET-OFF AND COUNTERCLAIM ⬉⟿44—MATTERS WHICH CAN BE SET OFF.
        Under Municipal Court Act (Laws 1902, c. 580) § 151, providing that a
    counterclaim may be allowed in favor of the defendant, or one or more
    of defendants, between whom and plaintiff a separate judgment may be
    had, one of several defendants, sued on an undertaking given to obtain an
    attachment, may counterclaim for the amount due him from plaintiff
    on contract; the undertaking being joint and several.
        [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig.
    §§ 82–96, 98, 99; Dec. Dig. ⬉⟿44.]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by Max Straschitz against Jacob Ungar and another. From
a judgment rendered after trial without jury, defendants appeal. Mod-
ified and affirmed.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-
TON, JJ.

Otto H. Droege, of New York City, for appellants.

Sobel & Brand, of New York City (Samuel Sobel, of New York
City, of counsel), for respondent.

PENDLETON, J.  The action is on an undertaking given on ob-
taining a warrant to seize in an action to foreclose a lien on a chattel
under sections 76 and 138, Municipal Court Act.  Defendant therein
was successful in the foreclosure suit, and seeks to recover the expenses
of the trial, including jury fees and counsel fees, and damages by rea-
son of being deprived of his property during the pendency of the suit.
No application by way of motion to set aside the warrant appears to
have been made, and defendants contend in such case the expenses of
the trial cannot be allowed.

[1, 2] It is well settled that, where the trial of the action is rendered
necessary to dissolve an attachment, the expenses of the trial are re-
coverable.  In Balinsky v. Gross, 72 Misc. Rep. 7, 128 N. Y. Supp.
1062, this court has held that, where it appears that a motion to vacate
would have been futile, such motion is not necessary, and that where

the issuance of the warrant was based on the nonresidence of defendant, and such nonresidence was not disputed, it appeared that plaintiff in the action had a right to apply for the attachment, if she had a good cause·of action, and in such case defendant was entitled to recover the expenses of the trial, although no motion to vacate had been made.· The warrant and proceedings for its issue in this case were in all respects regular on their face, and the plaintiff was entitled to it, if he had a good cause of action. This is matter for the trial, and under the foregoing authority the defendant (the plaintiff here) is entitled to re-cover the expenses of the trial.

[3] Ungar, one of the defendants, claims he should have been allowed his counterclaim for the amount due by plaintiff to him on contract. Section 151 allows a counterclaim in favor of one defendant, between whom and the plaintiff a separate judgment may be had in the action. As the obligation in this case is joint and several, the counterclaim in favor of the defendant Ungar should have been allowed, and the judgment against him should be modified, by deducting the amount of this claim, $28.20. Atwater v. Spader, 12 N. Y. St. Rep. 506; Parsons v. Nash, 8 How. Proc. 454; Coffin v. McLean, 7 Wkly. Dig. 436.

Judgment should be modified in the particular above stated, and, as so modified, affirmed, but without costs. Judgment modified, by reducing the amount of the recovery to the sum of $75 and appropriate costs in the court below, and, as modified, affirmed, without costs of this appeal. All concur.