GENERAL OUTDOOR ADVERTISING Co., INC., Respondent, v. R. C. MAXWELL COMPANY and Another, Appellants.

First Department, June 8, 1934.

*Horace R. Lamb*, for the appellants.

*Malcolm C. Law* of counsel [*Daniel S. Murphy* with him on the brief; *Greene & Hurd*, attorneys], for the respondent.

MARTIN, J.   In this action the plaintiff seeks to recover the sum of $2,250 on an attachment undertaking given by the defendant R. C. Maxwell Company, on which the defendant National Surety Company was surety, in an action brought in the Supreme Court by R. C. Maxwell Company against this plaintiff.   A warrant of attachment was issued in that action and the plaintiff's property in New York and Kings counties, consisting of bank accounts, was attached.   As a condition to discharging the levy under the attachment, the plaintiff paid $889 as premium on a bond and also paid $619 poundage to the sheriff of Kings county, and $627.75 to the sheriff of New York county, a total of $2,136.25.

By the terms of the undertaking the National Surety Company agreed that if the plaintiff herein (defendant in the attachment action) should recover judgment in that action, the defendant R. C. Maxwell Company would pay all costs awarded to said plaintiff, and all damages which it sustained by reason of the attachment, not exceeding $2,250.

On April 27, 1932, judgment was entered in the attachment action in favor of this plaintiff and against the R. C. Maxwell Company. The plaintiff then brought this action and now demands judgment for the sums necessarily paid out by it in procuring the discharge of said attachment, as the measure of plaintiff's damages sustained thereby, together with interest.

The answer of each of the defendants set up, by way of affirmative defense, a stipulation made by the parties after the decision in the attachment action, in favor of the plaintiff herein, but before the entry of judgment thereon, by which, in consideration of the waiver by the plaintiff herein " of its costs and disbursements taxable by the clerk " upon the entry of such judgment in its favor, defendant Maxwell Company " waives its right to appeal from such judgment."   The answers further allege that by reason of said stipulation plaintiff waived the items sued for in this action.

In reply to said affirmative matter set up in the answers, plaintiff alleges that the agreement of the parties, respecting the waiver of costs and disbursements in the attachment action, is expressed and fully explained in the correspondence annexed to the reply which

accompanies the stipulation set up in the answers, by which it appears that the phrase "costs and disbursements taxable by the clerk" was used by the parties for the purpose of expressly excluding from the waiver the items of sheriffs' poundage and bond premium above referred to.

The allegations of the answers that defendant Maxwell Company failed to appeal from said judgment in reliance upon the supposed waiver by plaintiff of the items of sheriffs' fees and bond premium, to recover which this action is brought, are put in issue by plaintiff in its reply to the answers. The claim is made that on May 23, 1932, three days before the Maxwell Company's time to appeal from said judgment expired, the plaintiff made a formal demand in writing upon both the Maxwell Company and the surety company for the payment of these specific items of sheriffs' fees and bond premium, pursuant to said undertaking given by them.

The plaintiff contends that the sheriffs' fees and premium paid on the bond given to discharge the attachment are damages within the meaning of the undertaking, and are recoverable in this action on the undertaking. It is also claimed that the plaintiff did not waive the damages sued for in this action, namely, the premium on the bond to discharge the attachment and the sheriffs' poundage.

The defendants, appellants, contend that the damages recoverable in an action on an undertaking on attachment, where judgment in the attachment action results in favor of the defendant, are limited to the items of taxable costs and disbursements; that the plaintiff waived its right to recover the sums paid for sheriffs' fees and premium on the bond given to release the attachment; that the sums paid by the plaintiff for the sheriffs' fees and bond premiums are not damages within the meaning of the undertaking sued on herein.

On motion of the defendants made in the City Court, judgment on the pleadings was ordered and the complaint dismissed. An appeal to the Appellate Term of the Supreme Court resulted in a reversal of the order and judgment of the City Court and a denial of the motion. The defendants have now appealed to this court.

Sheriffs' fees and the premium paid on a bond given to discharge an attachment are damages within the meaning of the undertaking and are recoverable in an action thereon. In the case of *Fuerstenberg* v. *American Soda Fountain Co.* (21 App. Div. 501) this court held that the security given in an action by a plaintiff who obtains a warrant of attachment is intended to indemnify the defendant against his costs, disbursements and damages. At page 502 the court said: "It is plain that the security given was altogether inadequate. The condition of the undertaking on the attachment was that if the defendant recovered judgment, or if the warrant was

vacated, the plaintiff would pay all costs which might be awarded to the defendant, and all damages which he might sustain by reason of the attachment, not exceeding the sum specified in the undertaking. It is apparent that $250 is no security for the costs which the plaintiff may be called upon to pay if the defendant is successful. The disbursements already necessarily incurred upon the part of the defendant in discharging the attachment exceed the amount of the undertaking. Security upon an attachment is intended to be an indemnity to the defendant against his costs, disbursements and damages, and, as already seen, the undertaking in question by no means secures the plaintiff in the manner contemplated by the Code. We think, therefore, that the motion should have been granted, and the security increased by the sum of $750."

In *Brandenstein & Co.* v. *Castano* (283 Fed. 843) the court said: " The sheriff's poundage and the premium are certainly to be included in the bond. Today the giving of a surety company bond is a regular course of procedure, a proper incident of every action, and the premium is a cost of the attachment."

In *Ives* v. *Ellis* (35 Misc. 333; affd., 67 App. Div. 619) the court said: " The security to be given in an action by a plaintiff who obtains a warrant of attachment is intended to be an indemnity to the defendant against his costs, disbursements and damages. (*Fuerstenberg* v. *American Soda Fountain Co.*, 21 App. Div. 501.) The sheriff's fee of $313 is unquestionably covered by the bond."

It is interesting to note that the appellants are not contesting the claim of respondent that sheriffs' fees and bond premiums are damages arising out of the attachment; in fact, the appellants go a step further and say that the sheriffs' fees are taxable as disbursements.

It is clear, in view of the above cases, that the plaintiff is entitled to the damages sought to be recovered on the undertaking. The question now to be considered is whether the plaintiff waived the damages sued for in this action in consideration of the agreement of the R. C. Maxwell Company not to take an appeal.

At the close of the trial of the attachment action, upon rendering his decision in favor of the plaintiff herein against the R. C. Maxwell Company, the court suggested that if Mr. Greene, as counsel for the plaintiff herein, should waive costs, Mr. Lamb, counsel for the R. C. Maxwell Company, might waive his right to appeal. Thereafter, and on April 25, 1932, and prior to the expiration of the time within which the Maxwell Company might take an appeal, the attorney for the plaintiff wrote to the attorney for the Maxwell Company. A telephone conversation referred to in the letter took place on the twenty-second of April, three days before the letter

was written. The letter is in part as follows: "At that time we discussed by telephone the extent to which my commitment went. I told you that at the time the suggestion was made I had in mind only the ordinary taxable costs, which I then supposed to be in the neighborhood of $125 to $150. Later, I was informed that my client had paid $1,247.25 poundage and $889 for a bond to lift the attachment; and also that the bond given by the Surety Company on attachment was in the sum of $2,250. I stated to you that I did not intend at any time to waive the claim against R. C. Maxwell Company or the Surety Company for damages occasioned by the attachment. To that position I adhere.

" Enclosed you will find a stipulation for the entry of the judgment without taxable costs, *i. e.*, costs taxable by the clerk on entry of judgment, and for the waiver of right to appeal.

" If you now agree with me on the form of this stipulation and will sign it, and also will have R. C. Maxwell Company sign the stipulation and acknowledge it, I will sign the duplicate and enter the judgment accordingly; but this offer is good only until 12:00 o'clock noon on Wednesday, the 27th inst."

On the same day the attorney for the R. C. Maxwell Company accepted the proposition except that he inserted in the stipulation the words " and disbursements " after the word " costs." The attorney then forwarded it to the president of the R. C. Maxwell Company for signature. It is evident from the foregoing that the parties, through their attorneys, intended that only those costs and disbursements taxable by the clerk were to be waived and that they purposely excluded from the waiver the sheriffs' poundage and premium paid for the bond.

The determination of the Appellate Term should be affirmed, with costs.

FINCH, P. J., and O'MALLEY, J., concur; MERRELL and UNTER-MYER, JJ., dissent and vote for reversal.

MERRELL, J. (dissenting). This appeal involves the question as to whether plaintiff may recover of the defendants the sum of $1,247.25 paid by the plaintiff herein to the sheriff as poundage under an attachment procured by the defendants herein as plaintiffs against the plaintiff herein as defendant in a prior action. The City Court held, in effect, that the poundage paid to the sheriff did not constitute an item of damage recoverable by the defendant in the prior action, but was to be regarded as an item of taxable costs in said prior action. In reversing the City Court the Appellate Term held that the plaintiff was entitled to recover as damages the total amount paid to the sheriff for fees.

This action was brought in City Court to recover damages alleged to have been suffered by plaintiff by reason of a wrongful attachment in an action brought against the plaintiff by the R. C. Maxwell Company. At the trial of the prior action in which the attachment was issued, at the close of the entire case, the court granted the motion of the defendant therein (plaintiff here) for the direction of a judgment in its favor, with costs, and judgment was thereupon entered. The parties then entered into a stipulation that, in consideration of the waiver by the defendant in that action (plaintiff here) " of its costs and disbursements taxable by the clerk upon the entry of judgment in its favor dismissing the complaint herein, * * * the plaintiff [R. C. Maxwell Company] hereby waives its right to appeal from such judgment." It is claimed that a construction was placed upon said stipulation by the parties in letters exchanged between them. Under date of April 25, 1932, the attorney for the plaintiff here (defendant in the prior action), among other things, states: " I told you that at the time the suggestion was made I had in mind only the ordinary taxable costs, which I then supposed to be in the neighborhood of $125 to $150. Later, I was informed that my client had paid $1,247.25 poundage and $889 for a bond to lift the attachment; and also that the bond given by the Surety Company on attachment was in the sum of $2,250. I stated to you that I did not intend at any time to waive the claim against R. C. Maxwell Company or the Surety Company for damages occasioned by the attachment. To that position I adhere.

" Enclosed you will find a stipulation for the entry of the judgment without taxable costs, i. e., costs taxable by the clerk on entry of judgment, and for the waiver of right to appeal.

" If you now agree with me on the form of this stipulation and will sign it, and also will have R. C. Maxwell Company sign the stipulation and acknowledge it, I will sign the duplicate and enter the judgment accordingly."

To this letter the attorney for the defendant (plaintiff in the prior action), under the same date, April 25, 1932, replied as follows: " Replying to your letter of April 25th and the enclosures received this afternoon, pursuant to our telephone conversation I have inserted in your proposed stipulation after the word ' costs ' in the fifth line the words ' and disbursements.' With this addition, I am forwarding the stipulation to be signed by the Maxwell Company with the request that Mr. Maxwell acknowledge the same as President of the R. C. Maxwell Company and promptly return the original to me.

" In the ordinary course I should receive this stipulation back by Wednesday morning. We shall then sign the stipulation as

attorneys for the plaintiff and forward the copies for execution by you as attorneys for the defendant."

It is evident from the letter written by the plaintiff's attorney that he thought the poundage and premiums on the bond were *damages*, and that his client could recover the same in the prior action. The plaintiff's attorney, however, does not expressly say that that is so. He merely requested the attorney for the defendant to agree on the form of the stipulation and sign it. To this the defendant's attorney, without in any way construing the stipulation, replied that he had added the words " and disbursements " and is procuring the same to be signed as so amended. Of course, the addition by the defendant's attorney of the words " and disbursements " did not alter the meaning of the stipulation. In a judgment, " taxable costs " include necessary disbursements, and under section 1518 of the Civil Practice Act, subdivision 10, " such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." If the premium on the bond to release the attachment and the sheriffs' poundage were classifiable as costs, they cannot be recovered because, under the stipulation of the parties, taxable costs were waived. The defendant moved in City Court for judgment on the pleadings and for the dismissal of the complaint upon the theory that the premium was not an item of damage, but an expense voluntarily incurred by the plaintiff for its own convenience. On plaintiff's appeal to the Appellate Term that court stated in its memorandum: " The premium plaintiff paid is neither costs nor damages and cannot be recovered." The defendants, however, contend that the Appellate Term erred in holding, notwithstanding the stipulation entered into by the parties, that the plaintiff was entitled to recover the amount paid to the sheriff for fees. The letter written by the attorney for the plaintiff to the defendant's attorney, however, did not construe the stipulation, and the defendant did not acquiesce therein. Had such been the case, then the defendant would have been bound by his acquiescence and the plaintiff would have been entitled to recover the premium paid to the surety company as an item of damages. Both the City Court and the Appellate Term agreed that that would be improper. The City Court held that the stipulation between the parties " must be construed * * * according to its express terms." Section 907 of the Civil Practice Act provides that " The undertaking to be given on the part of the plaintiff, before the granting of the warrant, shall be to the effect that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay all costs which may be awarded to the defendant and all damages which he may sustain

by reason of the attachment, not exceeding a sum specified in the undertaking, which must be at least two hundred and fifty dollars."

Since the cases hold that if the defendant recovers judgment, poundage is recoverable under such an undertaking without indicating whether it is to be recovered as damages or costs, the question is here clearly presented whether the sheriffs' fees on attachment are " costs " and, therefore, waived under the stipulation entered into by the parties, or are recoverable as damages.

We are of the opinion that the fees paid to the sheriff are to be regarded as costs rather than damages.  These fees are a charge payable 'to an official acting for the court.  Court fees are never regarded as damages, but as costs.  Fees due a sheriff for receiving and returning an execution under subdivision 8 of section 1518 of the Civil Practice Act are specifically entitled to be included in a bill of *costs*.  Under the course and practice of the courts, sheriffs' fees on attachment are also recoverable, and we think are to be regarded, not as damages, but as costs, within the provisions of subdivision 10 of section 1518, to wit, as " such other reasonable and necessary expenses as are taxable according to the course and practice of the court," and constitute an item properly taxable by the clerk as costs.  The parties having stipulated waiving " costs and disbursements taxable by the clerk," the fees paid to the sheriff could not properly be included in the judgment.

We are of the opinion, therefore, that the determination of the Appellate Term should be reversed, with costs, and the judgment and order of the City Court affirmed, with costs to the defendants, appellants, against the plaintiff, respondent.

UNTERMYER, J., concurs.

Determination affirmed, with costs and disbursements.